UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   16-60032 -CIV-COHN/SELTZER

ATMOS NATION, LLC, and
ATMOS TECHNOLOGY, LLC,

    Plaintiffs,

vs.

ALL RISE RECORDS, INC., and
CARLOS PERRY,

    Defendants.
_____/

# ORDER

**THIS CAUSE** has come before the Court upon Defendants' Second Motion to Compel and for Sanctions for Plaintiffs' Failure to Provide Any Response to Defendants' First Request for Production [DE 41].  The Court had ordered expedited briefing [DE 43] to the Motion and Plaintiffs were to have filed a response by November 21, 2016.  Plaintiffs did not comply with the Order Expediting Briefing [DE 43] and have not responded to the pending Motion to Compel and Motion for Sanctions.  On November 22, 2016, the Court entered an Order to Show Cause [DE 44], directing Plaintiffs to show cause in writing why sanctions, including a recommendation of dismissal and/or monetary sanctions against counsel, should not be imposed for failure to comply with discovery requests and the Court's orders.

    The deadline set forth in the Order to Show Cause has expired and Plaintiffs have, once again, failed to respond.  The Court notes that Plaintiffs have recently participated in

the action by filing a Motion to Compel [DE 39] on November 16, 2016.  In that motion, Plaintiffs expressed a desire to depose a corporate representative of Defendant, All Rise Records, Inc.  Therefore, the Court is unable to conclude that Plaintiffs have abandoned this action.  Nevertheless, Plaintiffs' complete lack of response to the pending discovery request, the motions filed by Defendants, and the Court's Orders exhibit a disregard for the litigation and the Court that must be sanctioned.

Rule 37(d), Federal Rules of Civil Procedure, authorizes sanctions for a party's failure to respond to discovery.  These sanctions range from requiring the non-responding party or its attorney to pay reasonable expenses, including attorney's fees, caused by the failure to respond, Rule 37(d)(3), to dismissing the action in whole or in part, Rule 37(b)(2)(A)(v), to finding a party or the attorney in contempt of court, Rule 37(b)(2)(A)(vi). In order to impose a sanction of a default judgment or dismissal,

> the Court must find: (1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders.

French v. M&T Bank, 315 F.R.D. 695, 696 (N.D. Ga. 2016) (citing Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993); U.S. v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997)).  "The sanction of dismissal is an extreme remedy and should not be imposed if lesser sanctions will suffice."  Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988).

To date, Plaintiffs have failed to:

1) Respond to Defendants' First Request for Production of Documents;

    2) Respond to Defendant's previous Motion to Compel [DE 29];

    3) Comply with the Court's Order to Respond [DE 31];

    4) Comply with the Court's Order granting Defendant's Motion to Compel [DE 32];

    5) Respond to Defendants' Second Motion to Compel and for Sanctions [DE 41];

    6) Comply with the Court's Order Expediting Briefing [DE 43]; and

    7) Respond to the Court's Order to Show Cause [DE 44].

In light of the fact that Plaintiffs appear to intend to prosecute this case (as evidenced by Plaintiffs' Motion to Compel filed earlier this month), the Court concludes that Plaintiffs' inexplicable failure to respond to discovery, motions, and Court Orders is wilful and in bad faith. However, that finding alone is not enough to justify the drastic sanction of dismissal, as lesser sanctions have not yet been imposed. Although Defendants' efforts to obtain discovery have been thwarted, the Court notes that fact discovery closes on January 11, 2017, and expert discovery closes on January 25, 2017. Thus, there is at least some time for Defendants to complete discovery after obtaining the documents requested from Plaintiffs.

The Court finds that lesser sanctions are appropriate at this time. Accordingly, and in light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Second Motion to Compel and Motion for Sanctions [DE 41] is **GRANTED** as follows:

    1.    Plaintiffs shall provide all documents responsive to Defendants' First Request for Production of Documents no later than 5:00 p.m., Friday,

   December 2, 2016.  The documents shall be hand-delivered to Defendants' local counsel's office, Broad and Cassel, One Financial Plaza, 100 S.E. 3rd Avenue, Suite 2700, Fort Lauderdale, Florida, 33301.

2. All objections, except for claims of privilege, to Defendants' First Request for Production of Documents are waived.

3. Plaintiffs' counsel shall pay to Defendants the sum of $500.00 in the form of a check payable to Broad and Cassel Trust Account as reasonable expenses for the filing of two Motions to Compel.  Said payment shall be made by 5:00 p.m., Friday, December 2, 2016 and shall be hand-delivered to Defendants' local counsel's office, Broad and Cassel, One Financial Plaza, 100 S.E. 3rd Avenue, Suite 2700, Fort Lauderdale, Florida, 33301.

4. If Plaintiffs fail to comply with this Order in its entirety, Defendants shall have up to and including December 7, 2016, within which to file a Renewed Motion for Sanctions.  Failure of Plaintiffs to timely and completely comply with this Order will result in a recommendation of dismissal and judgment against Plaintiffs, unless good cause is shown why further sanctions should not be imposed.

  **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of November, 2016.

*/s/ Barry S. Seltzer*
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel
via CM/ECF