UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:16-CIV-60032-JIC

ATMOS NATION, LLC, a Nevada Limited
Liability Company, and ATMOS
TECHNOLOGY, LLC, a Florida Limited
Liability Company,

           Plaintiff,

v.

ALL RISE RECORDS INC. d/b/a
www.gotvape.com, a California Corporation,
and CARLOS PERRY, an individual,

           Defendant.
_____

ALL RISE RECORDS INC. d/b/a
www.gotvape.com, a California Corporation,
and CARLOS PERRY, an individual,

           Counter-claimant,

v.

ATMOS NATION, LLC, a Nevada Limited
Liability Company, and ATMOS
TECHNOLOGY, LLC, a Florida Limited
Liability Company,

           Counter-defendant.
_____

**DEFENDANTS' VERIFIED MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE
COSTS AND INCORPORATED MEMORANDUM OF LAW**

        Defendants, All Rise Records, Inc. d/b/a www.gotvape.com and Carlos Perry, hereby

seek an award of attorneys' fees and non-taxable costs as the prevailing parties against Plaintiffs

and Plaintiffs' counsel, jointly and severally, pursuant to the Court's Order Adopting Report and

Recommendation and Dismissing Plaintiffs' Complaint With Prejudice [ECF No. 74], and this

Court's Final Judgment thereon [ECF No. 75]. In support of this motion Defendants file the Declarations of attorneys Matthew S. Nelles of Berger Singerman LLP, Stephen C. Page of the Gunster Firm, and Jeffrey Zuber of Zuber Lawler & Del Duca, who represented Defendants.  In support of this motion Defendants state as follows:

### Facts Demonstrating Plaintiffs' Bad Faith

Plaintiffs and Defendants sell competing "vaporizer" products akin to electronic cigarettes. On January 6, 2016, Plaintiffs brought this action chiefly alleging that Defendants' products infringe two of Plaintiffs' design patents. *See* ECF No. 1 (Compl.). The Complaint pleads six claims and seeks declaratory, injunctive, and monetary relief. *See id.* at 8-16. In their Answer, Defendants denied liability and asserted numerous affirmative defenses. *See* DE 7 at 1-14. Defendants also asserted two counterclaims requesting declarations of invalidity concerning Plaintiffs' patents. *See id.* at 14-16. Plaintiffs denied that Defendants are entitled to this relief. *See* DE 24 at 6-7 (Reply to Countercls.).

After setting the original trial date, the Court twice continued it—once *sua sponte* and once upon the parties' joint motion—by a total of eight months. *See* ECF No. 9 (Paperless Order Resetting Calendar Call & Trial Date); ECF No. 28 (Am. Scheduling Order). In the second Order, issued after a pretrial schedule had been set, the Court granted the parties' request to extend the pretrial deadlines by three months. *See* ECF No. 28. The parties were required to complete fact discovery by January 11, 2017. *See id.* at 1.

Consistent with this schedule, Defendants served a Request for Production on July 29, 2016, anticipating conducting depositions after receipt of the responsive documents.  However, Plaintiffs produced neither written responses nor documents responsive to the Request for Production despite several Orders from Magistrate Judge Seltzer requiring Plaintiffs to do so. Therefore, on November 30, 2016, Magistrate Judge Seltzer imposed lesser sanctions against Plaintiffs and their counsel, finding "Plaintiffs' inexplicable failure to respond to discovery, motions, and Court Orders is **willful and in bad faith**." ECF No. 45 at 3 ("Sanctions Order") (emphasis added).

In the Sanctions Order Magistrate Judge Seltzer held that "this finding alone is not enough to justify the drastic sanction of dismissal, as lesser sanctions have not yet been imposed." *Id.* at 3. Rather, Magistrate Judge Seltzer (1) required Plaintiffs to hand-deliver responsive documents to defense counsel by December 2, 2016; (2) ruled that all non-privilege

objections to Defendants' discovery requests were waived; and (3) directed Plaintiffs' counsel to pay Defendants $500.00 as a sanction for requiring Defendants to have to file two motions to compel. *See id.* at 4. Magistrate Judge Seltzer further cautioned Plaintiffs that, absent a showing of good cause, their failure "to timely and completely comply with this Order will result in a <u>recommendation of dismissal and judgment against Plaintiffs</u>." *Id.* (emphasis added).

Plaintiffs moved to vacate the Sanctions Order based on counsel's personal circumstances, [*see* ECF No. 46], but after considering arguments, Magistrate Judge Seltzer denied that motion. *See* ECF No. 55. At the hearing, Magistrate Judge Seltzer emphasized that (1) "Plaintiffs had failed to meet their [discovery-response] deadline before the staffing issue and long before the medical issue arose;" (2) "Plaintiffs had managed to file on November 16, 2016 a Motion to Compel Deposition of Plaintiffs' corporate representative and to file motions in several other cases in this District;" and (3) "if circumstances beyond Plaintiffs' control were genuinely precluding their compliance with the discovery orders, they should have apprised the Court; yet, they chose to do nothing." ECF No. 70 at 8-9.

Defendants responded by pointing out that Plaintiffs violated the Sanctions Order by repeatedly objecting to the discovery requests on improper grounds and by again failing to produce any responsive documents. *See* ECF No. 66-1 (Pls.' Resp. to Defs.' 1st Req. for Produc.). On December 15, 2016, nearly two weeks after the deadline for Plaintiffs' document production under the Sanctions Order, Plaintiffs moved for a 30-day extension of that deadline. *See* ECF No. 60.

Plaintiffs also filed a Motion for Continuance on December 15, 2016 seeking yet another extension of the trial date and pretrial deadlines. *See* ECF Nos. 61. Plaintiffs maintained that a continuance was necessary, in part to give the parties "adequate time to complete needed discovery." *Id.* at 1, ¶ 5. Defendants opposed the Motion for Continuance and moved to dismiss the Complaint with prejudice on the ground that "Plaintiffs have repeatedly disregarded Court Orders and discovery obligations." ECF No. 66 at 1 (citing Fed. R. Civ. P. 37(b)(2)).

On January 11, 2017, Magistrate Judge Seltzer issued his Report and Recommendation putting an end to Plaintiffs' discovery abuses, finding "Plaintiffs … failed to comply with six (6) separate court orders directed to Defendants' Request for Production." ECF No. 70 at 3. The Report then details the six discovery orders Plaintiffs violated. *See also* ECF No. 74 at 5 (quoting the Report, ECF No. 70 at 3-10). Further, Magistrate Judge Seltzer found that "**Plaintiffs'**

**failure to comply with multiple court orders directed to discovery was willful**, that Defendants have been highly prejudiced by this **willful noncompliance**, and that no other sanction short of dismissal would ensure compliance with court orders and adequately **punish Plaintiffs' willful disobedience**." EFC No. 74 at 5-6 (quoting ECF No. 70 at 14) (citing cases) (emphasis added).

This Court, in confirming Magistrate Judge Seltzer's Report and Recommendation, held:

> After a careful review, this Court agrees with the reasoning, conclusions, and recommendations set forth in Magistrate Judge Seltzer's Report. Plaintiffs' repeated, months-long violations of Judge Seltzer's discovery Orders—with no valid excuse— shows that **Plaintiffs acted willfully and in bad faith**.

ECF No. 74 at 10 (citation omitted) (emphasis added).The Court further held:

> More, the record makes clear that **no other sanction short of dismissal would adequately punish Plaintiffs' willful defiance of Court Orders** and ensure that they comply with future Orders. Neither the lesser sanctions Judge Seltzer imposed, nor his warnings that further violations would result in dismissal, have motivated Plaintiffs to produce the required documents.
>
> …
>
> In closing, the Court notes that Magistrate Judge Seltzer handled **Plaintiffs' repeated violations** with great patience and restraint, giving them several chances to produce the documents as ordered. Yet Plaintiffs still have never done so, and the only adequate sanction left is dismissal with prejudice.

*Id.*at 11-12 (citation omitted) (emphasis added).

This Court granted Defendants' Motion for Dismissal with Prejudice [ECF No. 66], and dismissed with prejudice Plaintiff's Amended Complaint for Damages and Permanent Injunctive Relief [ECF No. 1]. ECF No. 74 at 14.[1] Defendants, as the prevailing parties, and pursuant to 28 U.S.C. §1927 and this Court's inherent power, now seek an award of attorneys' fees and costs against Plaintiffs and their counsel, jointly and severally.

## <u>Memorandum of Law</u>

The dismissal with prejudice rendered Defendants the prevailing party. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 604

---

[1] Defendants were further ordered to move to voluntarily dismiss their counterclaims by March 21, 2017, unless such deadline is extended by the Court. *Id.* Defendants intend to move to dismiss their counterclaims prior to the deadline.

(2001); *see also Doria v. Class Action Services, LLC*, 261 F.R.D. 678, 684-85 (S.D. Fla. 2009). As the prevailing party, Defendants now seek recovery of their attorneys' fees and costs.

Plaintiffs' Amended Complaint alleged six claims, including for violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (COUNT IV) and under §43(a) of the Lanham Act (15 U.S.C. §1125(a)) (COUNT III). Both of those claims provide Defendants' right to seek attorneys' fees and costs. ECF No. 1 at 12-13.

Further, because there was only one set of facts giving rise to all of Plaintiffs' theories for relief in the Amended Complaint, namely, the alleged infringement of Plaintiffs' patents and trade dress, no apportionment of fees is required. *See Covington v. Arizona Beverage Co., LLC*, Case No. 08-cv-21894, 2011 WL 11796786, at *2 (S.D. Fla. Aug. 25, 2011) (citing *LaFerney v. Scott Smith Oldsmobile, Inc.*, 410 So. 2d 534, 535 (Fla. 5th DCA 1982); *Smith v. Bilgin*, 534 So. 2d 852, 854 (Fla. 1st DCA 1988)); *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc*., Case No. 04-cv-12-0c-10GRJ, 2008 WL 906739, at *3-4 (M.D. Fla. Apr. 2, 2008); *see also Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So. 2d 311, 314 (Fla. 4th DCA 2007). In fact, the grounds upon which the Amended Complaint was dismissed, *i.e*. for Plaintiffs' egregious discovery violations and the failures to abide Court orders, permeated the entire case.

In any event, Defendants' right to attorneys' fees and costs as the prevailing party is provided for both under FDUTPA and the Lanham Act, as discussed below. Lastly, given the exceptional nature of the litigation misconduct in this case, Defendants request that the Court order Plaintiffs' counsel jointly and severally liable for Defendants' attorneys' fees and costs pursuant to 28 U.S.C. § 1927 and this Court's inherent power.

## Prevailing Party Under FDUTPA

In their Amended Complaint, Plaintiffs asserted FDUTPA claims against both Defendants. Section 501.2105(1), Fla. Stat., states that "the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the non-prevailing party."

In determining whether to grant fee awards under FDUTPA, courts have also considered a number of factors, including, *inter alia*, (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the

respective positions—including the degree of the opposing party's culpability or bad faith; and (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless. *Chow v. Chak Yam Chau*, 640 Fed. Appx. 834, 839 (11th Cir. 2015) (citing *Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y,* 951 So. 2d 966, 971–72 (Fla. 4th DCA 2007)). We focus on several of these factors that we believe are determinative of the issue.

First, with respect to financial ability, in the Amended Complaint, Plaintiffs describe themselves as "among the most prominent, best-selling, and innovative vaporizer companies in the United States and throughout the World." ECF No. 1 at 2 ¶ 3. They have filed over a dozen cases in this District against different parties, many of which are active, which demonstrates their financial wherewithal to pay an award of fees. *See* Declaration of Matthew S. Nelles ("Nelles Decl.") at ¶ 27.

Second, Plaintiffs' misconduct relates to the willful disobedience of discovery obligations and Court Orders. This is the type of misconduct that may be deterred, in the future, by imposing an award of fees. This is particularly important because Plaintiffs currently have several active cases in this District, and have also threatened to file a new lawsuit against these All Rise Records Defendants. *See* Nelles Decl. at ¶ 28 (email from Plaintiff's counsel dated February 23, 2017 stating Plaintiffs and Plaintiffs' counsel "are in a process of filing a new suit against All Rise.").

On this point, we elaborate in more detail. In *Atmos Nation LLC v. Glow Industries, Inc.*, Case No. 16-cv-60359-WPD/Snow, Magistrate Judge Lurana Snow just determined, consistent with Magistrate Judge Seltzer, that these same Plaintiffs violated the Court's discovery Orders and awarded Defendants' their attorneys' fees. [ECF No. 90, order entered March 14, 2017]. Specifically, the Court ordered Plaintiffs to provide responses to a nearly identical document request served in that case and held that Plaintiffs' objections thereto were waived. *See id.* at 2-3 (citing [ECF No. 48]). Despite the Court's warning that failure to comply might result in the imposition of sanctions, Plaintiffs disregarded the Court's Order, reasserted their boilerplate objections, and failed to produce sufficiently responsive documents. *Id.* at 3. Accordingly, Magistrate Judge Snow ordered Plaintiffs to pay for Glow Industries, Inc.'s attorneys' fees related to the discovery violation. *Id.* at 4.

Similarly, although discovery orders have not been entered in *Atmos v. All Fun Gifts Distrib., Inc.*, Case No. 16-cv-60821-Martinez/Goodman, these same Plaintiffs failed to comply

with a nearly identical document request so that a discovery hearing, which had been previously scheduled, will again be necessary. [ECF Nos. 28 and 33.]

And, as mentioned above, in apparent defiance of this Court's Order of Dismissal of this case, Plaintiff is now threatening to file a new lawsuit against these All Rise Defendants. *See* Nelles Decl. at ¶ 28 (February 23, 2017 e-mail referenced above).

At a fundamental level, Plaintiffs' general course of litigation conduct evinces bad faith. In an apparent attempt to obtain quick settlements, Plaintiff, as demonstrated by the Southern District of Florida docket, repeatedly drags out-of-state defendants into this District, only to refuse to engage in discovery and force those defendants to either "pay up," or incur substantial attorneys' fees.  Without a doubt, an attorneys' fees award is firmly justified in this case in order to deter Plaintiffs from continuing to implement their abusive scheme.

Lastly, Plaintiffs' bad faith is established by the record in this matter: Magistrate Judge Seltzer, confirmed by this Court, held "Plaintiffs' inexplicable failure to respond to discovery, motions, and Court Orders is willful and in bad faith." *Id.* at 3. Accordingly, this Court should award Defendants' their attorneys' fees and costs under section 501.2105(1), Fla. Stat.

## Prevailing Party Under The Lanham Act

Plaintiffs also brought a Lanham Act claim against Defendants. ECF No. 1 at 12, ¶¶ 70-73.  Under the Lanham Act, the Court may award "reasonable attorney fees to the prevailing party" in "exceptional cases." 15 USC § 1117(a). The Supreme Court explained that "an 'exceptional case' is simply *one that stands out* from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or *the unreasonable manner in which the case was litigated*." *Octane Fitness, LLC v. ICON Health and Fitness, Inc.*, 134 S.Ct. 1749, 1751-52 (2014) (emphasis added).[2] In exercising discretion under section 1117(a), the Court should look to nonexclusive factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756, n.6. In accordance with the Supreme Court's holding in *Octane Fitness*, the threshold for finding that a case is "exceptional" has been adjusted to include cases

---

[2] While the *Octane Fitness* case dealt with a claim arising under the Patent Act, its holding applies to the Lanham Act, 15 USC § 1117(a). *See Florida Van Rentals, Inc. v. Auto Mobility Sales, Inc*., Case No. 13-cv-1732-T-36EAJ, 2015 WL 4887550, at *2 (M.D. Fla. Aug. 17, 2015).

that are simply "uncommon, rare, or not ordinary..." *NXP B. V. v. Blackberry, Ltd*., 58 F. Supp. 3d 1313, 1318 (S.D. Fla. 2014).

Even under the "exceptional" case standard applied in the Eleventh Circuit before *Octane Fitness*, Plaintiffs' conduct in this case is "exceptional" for at least two bases: 1) the disobedient manner in which Plaintiffs failed to engage in discovery or comply with Court Orders,[3] and 2) Plaintiffs' utter bad faith.[4]

As to the first basis, in a case where the plaintiff, like here, ignored "repeated rulings," U.S. District Judge Robin L. Rosenberg recently explained, "[a]lthough the Eleventh Circuit has not yet considered the effect of *Octane Fitness* on its Lanham Act 'exceptional case' jurisprudence, district courts in this circuit and other circuit courts have consistently held that a showing of subjective bad faith or fraud is no longer required." *Tobinick v. Novella*, Case No. 9:14-cv-80781-ROSENBERG, 2016 WL 4704945, at *8 (S.D. Fla. Sept. 8, 2016). Ignoring "repeated rulings" was sufficient for Judge Rosenberg to find the case to be exceptional and awarded attorneys' fees against the plaintiff under the Lanham Act in that case. *Id.* at 9. Here, the "exceptional" case basis is shown by the fact that Plaintiffs "failed to comply with six (6) separate court orders directed to Defendants' Request for Production." ECF No. 70 at 3.

As to the second basis, Plaintiffs' bad faith permeates this case and their litigation strategy. They refused to provide any discovery documents and have now threatened to file a new lawsuit against these Defendants in apparent defiance of this Court's Order of Dismissal *with Prejudice. See* Nelles Decl. at ¶ 28. As if that were not enough, as noted above, Plaintiffs have been sanctioned by Magistrate Judge Snow in a companion case in this District. Indeed, they have plainly implemented a malicious scheme to sue as many out-of-state defendants as possible in an attempt to force quick settlements. Failing to properly engage in discovery or comply with Court Orders, Plaintiffs have forced these out-of-state defendants to needlessly spend tens of thousands of dollars or simply capitulate to Plaintiffs' demands.

In sum, as this Court aptly concluded:  "Plaintiffs' repeated, months-long violations of Magistrate Judge Seltzer's discovery Orders—with no valid excuse— shows that **Plaintiffs**

---

[3] *Burger King Corp. v. Pilgrim's Pride Corp.,* 15 F.3d 166, 168 (11th Cir. 1994) (an exceptional case is one "where the infringing party acts in a malicious, fraudulent, deliberate, or **willful** manner.") (emphasis added).
[4] *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc*., 253 F.3d 1332, 1335 (11th Cir. 2001) (an exceptional case is one where "evidence of fraud or **bad faith** exists.") (emphasis added).

**acted willfully and in bad faith**." ECF No. 74 at 10. This is plainly an exceptional case under *Octane Fitness. See* 134 S.Ct. at 1758 (2014) ("We have long recognized a common-law exception to the general 'American rule' against fee-shifting—an exception, 'inherent' in the 'power [of] the courts' that applies for ''**willful disobedience of a court order''** or 'when the losing party has '**acted in bad faith**, vexatiously, wantonly, or for oppressive reasons....'') (quoting *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–259 (1975) (emphasis added)).

For all of the foregoing reasons, this is that uncommon, rare, "exceptional" case entitling Defendants to an award of attorneys' fees and costs under the Lanham Act.

### Plaintiffs' Attorney Is Liable for Defendants' Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and This Court's Inherent Power.

The litigation misconduct in this case is not limited to the Plaintiffs: the record reflects apparent misrepresentations, proffered as excuses, by their attorney.

Section 28 U.S.C. § 1927, provides: "Any attorney... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Eleventh Circuit has explained: "To warrant sanctions pursuant to § 1927, an attorney must (1) 'engage in unreasonable and vexatious conduct'; (2) 'this conduct must multiply the proceedings'; and (3) 'the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.'" *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 503 Fed. Appx. 711, 725 (11th Cir. 2013) (quoting *Peer v. Lewis,* 606 F.3d 1306, 1314 (11th Cir. 2010) (additional citation omitted)). "An attorney's conduct meets the first of these conditions 'only when the attorney's conduct is so egregious that it is tantamount to bad faith.'" *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (finding district court did not abuse its discretion in awarding fees under § 1927).

Here, the evidence of Plaintiffs' counsel's bad faith includes his efforts to raise excuses to Magistrate Judge Seltzer which were readily dismissed as unjustified. For example, Magistrate Judge Seltzer rejected Plaintiffs' counsel's arguments relating to the effect of his personal hardships on these proceedings, emphasizing that:

> (1) Plaintiffs had failed to meet their [discovery-response] deadline before the staffing issue and long before the medical issue arose; (2) Plaintiffs had managed

to file on November 16, 2016 a Motion to Compel Deposition of Plaintiffs'
corporate representative and to file motions in several other cases in this District;
and (3) if circumstances beyond Plaintiffs' control were genuinely precluding
their compliance with the discovery orders, they should have apprised the Court;
yet, they chose to do nothing.

ECF No. 74 at 3-4 n.3. (quoting ECF No. 70 at 8-9) (quotations omitted); *see also id.* at 4 n.4

Similarly, this Court appropriately focused on the fallacies in the arguments presented to

Magistrate Judge Seltzer by Plaintiffs' counsel:

But Judge Seltzer observes that the main events Plaintiffs cite to justify their
noncompliance occurred **after** that date: counsel's personnel issue arose on
September 9, 2016, and his family health problems began around November 23,
2016. *See id.* at 14-15. As to the staff issue, Judge Seltzer notes, Plaintiffs fail to
explain why another staff member or counsel himself could not have produced the
documents either before the August 31 deadline or sometime during the four-plus
months thereafter. *See id.* Regarding counsel's family health problems, Judge
Seltzer points out that counsel never filed a notice of unavailability in this or any
other action in which he represents Plaintiffs. *See id.* at 15-16. To the contrary, the
Report describes how counsel moved to vacate the prior sanctions against him on
November 30, 2016—the same day they were imposed—and otherwise
participated in this case and others after November 23. *See id.* Judge Seltzer also
finds that "Plaintiffs' internal dispute most logically explains—but clearly does
not excuse—their failure to produce the court-ordered documents; it does not,
however, explain Plaintiffs' failure to file the written responses ordered by the
Court." DE 70 at 16. In sum, Judge Seltzer holds, "[t]hat Plaintiffs made no effort
to comply with any of the Court's six (6) orders, or even to respond to either of
Defendants' motions to compel, makes clear that their failures were not
attributable to negligence, misunderstanding, or inability, but rather to willfulness
and bad faith."

ECF No. 74 at 6-7 (citing and quoting ECF No. 70 at 14-17) (emphasis in original).

Further, the multiplication of the litigation was shown to be orchestrated by Plaintiffs'

counsel. Plaintiff's Objections to the Report and Recommendation, and the Court's rejection

thereof, highlight that the willful disobedience of Magistrate Judge Seltzer's discovery orders

was the result of Plaintiffs' counsel's choices. *See* ECF No. 74 at 12-13 ("counsel selectively

litigat[ed] this and other cases during the same time he was facing an 'extreme situation'";

"counsel's problems were exacerbated by a heaving workload … If counsel truly believed his

office was in such disarray that he could no longer capably handle all his cases, then he should

have moved to withdraw from some or all of them"; "it remained **counsel's** responsibility to

keep track of his client matters and to meet his professional obligations in those matters";

10

"counsel still had a duty to monitor the case——his substantive motion filings show he was doing so—and a brief review of the docket would have revealed that the extension motions had not been filed, much less granted.") (emphasis in original).

When an attorney's misconduct multiplies proceedings unreasonably and vexatiously, the imposition of sanctions of costs and attorneys' fees against the attorney is warranted. In *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536 (11th Cir. 1993), sanctions were awarded against an attorney for violating three court orders. 987 F.2d at 1543. The court reasoned:

> In addition to the default judgment sanction, Judge Edenfield properly sanctioned defense attorneys Freeman, Goldman, Becherer, and Siracuse pursuant to 28 U.S.C. § 1927. He ordered these attorneys to satisfy personally the Plaintiff's reasonable costs and attorney's fees because their participation in the Defendants' cover up of discoverable material multiplied the proceedings unreasonably and vexatiously. This sanction was entirely appropriate.

*Id.* at 1544 (internal quotations omitted). The court further explained the basis for the award of fees:

> Throughout discovery, the defendants, through their counsel, unreasonably objected to the plaintiff's requests for information and provided incomplete answers as part of their campaign to obfuscate the truth. In light of this egregious conduct, we conclude that Judge Edenfield did not clearly err in finding that these defense attorneys acted in bad faith.

*Id.*

The Eleventh Circuit's holding in *Malautea* also confirms this Court's ability, through its inherent power and discretion, to hold Plaintiffs' counsel jointly accountable with Plaintiffs for his egregious conduct:

> We also affirm the fines imposed on the *defendants and the defense attorneys* of record *pursuant to the district court's inherent power* to control the proceedings before it. "[D]eeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.'" Courts' inherent power also extends to parties to litigation. *A court may appropriately sanction a party or attorney who "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."*

*Id.* at 1545–46 (citations omitted) (emphasis added).

In this case, Plaintiffs ignored six (6) discovery orders. The Sanctions Order entered by Magistrate Judge Seltzer further cautioned Plaintiffs that, absent a showing of good cause, their failure "to timely and completely comply with this Order will result in a recommendation of

dismissal and judgment against Plaintiffs." ECF No. 45 at 4. Plaintiffs' counsel acted in bad faith, delayed the proceedings, misrepresented certain facts to the Court concerning staffing issues and their effect on the case, and otherwise disrupted the litigation. Accordingly, the Court should sanction both Plaintiffs' and their counsel's conduct under 28 U.S.C. § 1927 and its inherent power to curb litigation abuses. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct.").

## The Defendants' Attorneys' Fees Are Reasonable

Defendants file herewith the Declaration of Matthew S. Nelles, Esq., the undersigned attorney who handled and was in charge of this litigation on behalf of Defendants in this District.[5] The Declaration describes the terms of engagement, the number of hours expended to defend the case, the hourly rates and credentials of the timekeepers, and the amount of attorneys' fees, which total $85,654.45, and the amount of litigation costs, which total $4,686.58. *See* Nelles Decl. at ¶ 26. Defendants' attorneys' fees incurred in defense of this case are justified and subject of this Court's discretion:

> As the award of attorney's fees and costs is essentially factual in nature, the district court's superior understanding of the litigation clearly places it in the best position to calculate such an award when appropriate. *See Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1492–93 (11th Cir. 1994). Unquestionably, the district court possesses wide discretion in calculating the amount and reasonableness of such an award. *Id.* Here, the District Court carefully complied with the Supreme Court's command in the landmark decision of *Hensley v. Eckerhart*, and provided "a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

*Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017).

The first step for the Court is to determine a reasonable hourly rate, which is the prevailing market rate in the relevant legal community for analogous services by lawyers of reasonably comparable "skills, experience, and reputation." *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson,* 465 U.S. 886, 895-96 (1984). The prevailing market rate is not a fixed number but is demonstrated by a

---

[5] Defendants also file herewith the Declaration of Stephen C. Page of the Gunster Firm who represented Defendants from February through June 2016 and Jeffrey Zuber of Zuber Lawler & Del Duca who coordinated and supervised the representation of the Defendants throughout the litigation.

range of factors. *See Norman*, 836 F.2d at 1300-01 ("perhaps as measured by quality and quantity of experience").

Further, in determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Arias v. Alpine Towing, Inc.*, 10-20434-CIV, 2011 WL 4102530, at *3 (S.D. Fla. Sept. 15, 2011) (quoting *Mallory v. Harkness,* 923 F. Supp. 1546, 1555 (S.D. Fla. 1996)). In addition to Defendants' counsel in California, where Defendants maintain their offices and where their long-term counsel reside, this case required Defendants to hire and utilize counsel in this District with expert knowledge in patents, the specific products involved, *i.e.*, "vaporizer" products that allow users to inhale various substances, and counsel familiar with the serial litigation filed by Plaintiffs and their counsel. *See* Nelles Decl. at ¶ 9. The attorneys representing Defendants hourly rates are well-within the prevailing market rates for patent infringement lawsuits in this District, have a demonstrable quantity of experience, and the highest quality of experience, as shown to this Court. *See Norman*, 836 F.2d at 1300.

The next step is to ascertain the number of hours reasonably spent on the matter. *Id.* at 1301 (citing *Hensley*). This necessarily means those hours that would be reasonable to bill to a client. *Id.* This, of course, permits the Court to award fees to more than one attorney representing a client. *Id.* at 1302 ("There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer.") (citation omitted). Then, the Court will determine reasonable hours and deduct time spent on discrete and unsuccessful claims. *Id.*

Once this lodestar number is determined, the Court may consider an adjustment for the results obtained. *Id.* "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (citing *Popham v. City of Kennesaw,* 820 F.2d 1570, 1578 (11th Cir. 1987). In this matter, Defendants' counsel expended 206 hours successfully defending this case. *See* Nelles Decl. at ¶ 18.

Further, Defendants should be awarded fees for the time expended in litigating this fee motion. The Eleventh Circuit also allows a prevailing party to collect fees generated in the

pursuit of fees. *Thompson v. Pharmacy Corp. of Am., Inc.,* 334 F. 3d 1242, 1246 (11th Cir. 2003). Depending on the Plaintiffs' response, Defendants estimate that, at a minimum, they will incur approximately ten hours at a rate of $435 per hour for Ms. Gavin C. Gaukroger with respect to this motion and its reply in support of this motion. *See* Nelles Decl. at ¶ 25.

### Non-Taxable Costs

Costs other than costs permitted by 28 U.S.C. § 1920 also should be awarded.

> Under Rule 54(d), "there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citation omitted). Of course, the trial judge possesses discretion with respect to awarding costs but that discretion is not unlimited and a denial of costs is "'in the nature of a penalty for some defection [on the part of the prevailing party] in the course of the litigation.'" *Chapman v. AI Transport*, 229 F.3d 1012, 1038–39 (11th Cir. 2000) (citation omitted). To overcome the presumption and deny full costs under Rule 54(d), the trial judge must "have and state a sound reason for doing so." *Id.* at 1039.

*Yellow Pages Photos,* 846 F.3d at 1166.

In this case, Defendants' incurred $4,686.58 in costs which should be awarded. *See* Nelles Decl. at ¶ 24.

WHEREFORE, Defendants, All Rise Records, Inc. d/b/a www.gotvape.com and Carlos Perry, respectfully request that this Court enter an order awarding Defendants their attorneys' fees and costs as the prevailing parties against Plaintiffs and Plaintiffs' counsel, jointly and severally, and for such other relief as the Court deems just and proper.

### Local Rule 7.3 Verification

Pursuant to Local Rule 7.3(b), the undersigned certifies that on March 27, 2017 counsel for Defendants sent an e-mail to counsel for Plaintiff, attempting to schedule a meet and confer regarding the issue of attorneys' fees. Two subsequent e-mails were sent on March 31, 2017 and April 3, 2017. Plaintiff's counsel has ignored all three attempts to schedule a meet and confer in advance of the April 7, 2017 deadline.

### VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 14, 2017.        */s/ Matthew S. Nelles*
                                    Matthew S. Nelles

Dated:  April 14, 2017              Respectfully submitted,

*/s/ Matthew S. Nelles*
Matthew S. Nelles, Florida Bar No. 009245
E-mail: mnelles@broadandcassel.com
Gavin C. Gaukroger, Florida Bar No. 76489
E-mail: ggaukroger@bergersingerman.com
350 East Las Olas Blvd, Suite 1000
Fort Lauderdale, FL  33301
Telephone:     (954) 525-9900
Facsimile:      (954) 523-2872
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel/parties of record on the following Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Matthew S. Nelles*
Matthew S. Nelles

## SERVICE LIST
## Case No. 9:16-CIV-60032-JIC

Divya Khullar, Esq.
Khullar, P.A.
4786 W. Commercial Blvd.
Tamarac, FL 33319
Telephone:  (954) 642-2308
Facsimile:   (754) 999-7057
Email: notices@khullarlaw.com

Attorney for Plaintiffs

Jeffrey J. Zuber, Esq. (*pro hac vice*)
Michelle M. Desoer, Esq. (*pro hac vice*)
ZUBER LAWLER & DEL DUCA, LLP
777 S. Figueroa Street, 37th Floor
Los Angeles, CA  90017
Telephone:  (213) 596-5620
jzuber@zuberlaw.com
mdesoer@zuberlaw.com

Attorneys for Defendants